METROPOLITAN DETROIT PLUMBING & MECHANICAL
CONTRACTORS ASSOCIATION v MICHIGAN EMPLOYMENT
SECURITY COMMISSION

Docket No. 55637. Submitted November 18, 1981, at Detroit.—Decided
February 18, 1982. Leave to appeal applied for.

Following expiration of a labor contract between the members of
local Union 636 of the United Association of Journeymen &
Apprentices of the Plumbing and Pipefitting Industry of the
United States and Canada, AFL-CIO, and the Metropolitan
Detroit Plumbing & Mechanical Contractors Association, the
collective-bargaining representative for employers of plumbers
who are members of the union, the association called a lockout
by members of the association against members of the union
because two of the employer members of the association alleged
that they had been the subject of selective strike action. Mem-
bers of the union who were not employees of the two employers
alleging strike action filed for unemployment compensation
with the Michigan Employment Security Commission. A MESC
referee held that the claimants were disqualified from receiving
unemployment compensation because their unemployment was
the result of a labor dispute in which they were directly
involved. The Board of Review of the Michigan Employment
Security Commission reversed the findings of the referee and
held that the claimants were entitled to unemployment com-
pensation benefits. The Wayne Circuit Court, Victor J. Baum,
J., affirmed the board's decision. The association appeals. *Held:*

Based upon prior case law, the individual claimants seem-
ingly were directly involved in a disqualifying labor dispute by
reason of the fact that they were subjects of the lockout at
their own place of employment. However, the lockout went into

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 48A Am Jur 2d, Labor and Labor Relations § 2008.
76 Am Jur 2d, Unemployment Compensation §§ 77, 81.
Construction and application of provisions of unemployment com-
pensation or social security acts regarding disqualification for
benefits because of labor disputes or strikes. 28 ALR2d 287.
Unemployment compensation: application of labor dispute disquali-
fication for benefits to locked out employee. 62 ALR3d 514.

effect with less than one day's notice to the claimants, in violation of the statutorily required minimum of ten days notice. The lockout was therefore unlawful and deprived the claimants of any choice of attempting to avoid the lockout or to accept the condition of unemployment. For this reason, the claimants were involuntarily unemployed and are entitled to unemployment compensation.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — LABOR DISPUTE — LOCKOUTS.

A lockout of employees by an employer is one form of labor dispute under the provision of the Employment Security Act concerning disqualification of claimants whose unemployment is due to a labor dispute in which they are directly involved (MCL 421.29[8]; MSA 17.531[8]).

2. UNEMPLOYMENT COMPENSATION — LOCKOUTS — NOTICE.

A lockout instituted by an employer without first giving a minimum of ten days notice to its employees is unlawful (MCL 423.9, 423.22; MSA 17.454[9], 17.454[23]).

3. UNEMPLOYMENT COMPENSATION — LOCKOUTS — NOTICE.

A lockout instituted without the requisite notice having been given is an illegal lockout and is not a disqualifying "labor dispute" such as would disqualify employees subject to the lockout from receiving unemployment compensation benefits (MCL 421.29[8], 423.9, 423.22; MSA 17.531[8], 17.454[9], 17.454[23]).

*Butzel, Long, Gust, Klein & Van Zile* (by *John P. Hancock, Jr.,* and *Gregory S. Muzingo),* for plaintiff.

*Fred L. Harris, P.C.,* for claimants.

Before: CYNAR, P.J., and V. J. BRENNAN and H. E. DEMING,* JJ.

CYNAR, P.J. This appeal is based on a Wayne County Circuit Court judgment which affirmed a decision by the Board of Review of the Michigan Employment Security Commission. On January 24,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1980, the board by a 2-1 decision reversed the findings of a commission referee and held that certain claimants were entitled to unemployment compensation benefits. The issue which was before the commission, board and court was whether the claimants were disqualified by reason of statutory provisions concerning unemployment caused by the employees' direct involvement in a labor dispute. MCL 421.29(1); MSA 17.531. Plaintiff employers' association appeals by right.

Plaintiff, the Metropolitan Detroit Plumbing & Mechanical Contractors Association (the association), represents employers of plumbers who are members of Local Union 636 of the United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (the union). The union is the collective-bargaining agent for these employees. The association represents its employer members in collective bargaining.

On May 31, 1974, the 1972-1974 contract between the union and the members of the association expired. The union and the association, prior to the expiration of the contract, had begun negotiations for a new contract and, at the expiration of the 1972-1974 contract, had agreed to continue work under its terms and conditions on a day-to-day basis as long as negotiations continued.

On or about July 1, 1974, two employers, the Miller Company and the Lorne Company, made allegations to the Association that members of the union were walking off job sites. During the month of July, 1974, these two employers alleged that they were the objects of "selective strike action", that their work was subject to slow-downs, and that one of them was unable to obtain pipefitters through the local union as required. Being of the

opinion that these two members had been struck by the union, and pursuant to the terms of its constitution and by virtue of a power of attorney executed by each of its members, the association called a lockout. The power of attorney provides that a strike against one member of the association is a strike against all.

On or about July 29, 1974, a lockout by members of the association went into effect against members of the union. Each individual claimant reported to work until being notified on the job on July 31, 1974, that he was laid off or that his employment was terminated. There was work remaining for each claimant at the job site at the time he became unemployed. After this, the union picketed the plants and job sites of members of the association. None of the claimants in this appeal was an employee of the two employers who alleged concerted labor activity against them.

The referee held, under the above facts, that the unemployment of the claimants was the result of a labor dispute in which the claimants were directly involved, so that they fell within the disqualification provisions of the Employment Security Act, MCL 421.29(8)(a)(ii); MSA 17.531(8)(a)(ii).

On appeal from the referee's decision, the board of review reversed. After noting that the statute was enacted to protect those who are involuntarily unemployed, who are capable of working but are prevented from doing so by others, the board considered the effect of a lockout on this statutory purpose. The board held that, in Michigan, an employer seeking to avoid payment of unemployment benefits on the basis of a labor dispute must prove that the employee is disqualified. The board also held that "a lockout situation is not automatically entitled to a designation as a labor dispute in

active progress". In the case at bar, the board concluded that the claimants were unemployed solely because the members of the employers' association who were not experiencing strike activity honored their internal agreement to lock out the union because the union had "walked out" on two other employers. Thus, the claimants were entitled to compensation.

In his affirmance of the board of review's decision, the trial judge held: (1) that the board's findings of fact were supported by competent, material and substantial evidence, and thus could not be disturbed; (2) that the finding of no labor dispute could be reviewed because it was a conclusion of law; (3) that the referee defined a labor dispute as encompassing peaceful, good-faith collective bargaining, a definition which would undermine collective bargaining; (4) that, prior to the lockout, the claimants were not participants with their own employers in a labor dispute in active progress, as required by the statute; (5) that the employers' association is not a single employer of all the claimants because it employs none of the claimants and, in the usual course of business, the employer members are business competitors; (6) that any alleged slowdown or walkout with regard to other employers is irrelevant; and (7) thus, the board of review should be affirmed.

We must determine whether the claimants are disqualified from receiving unemployment benefits under MCL 421.29(8); MSA 17.531(8). The narrow question is whether under the facts of the instant case there was a labor dispute in which the claimants were directly involved in active progress at the establishment where the claimants were employed. *Smith v Employment Security Comm,* 410 Mich 231, 249; 301 NW2d 285 (1981).

*Smith* holds that a lockout is one form of a "labor dispute" as that term is used in MCL 421.29(8); MSA 17.531(8). In doing so, *Smith* reversed our decision in that case reported at 89 Mich App 212; 280 NW2d 489 (1979). The rationale of our decision had been that an employee who was locked out but willing to continue working was involuntarily unemployed and so was intended to receive unemployment benefits. Such reasoning is also the basis of the circuit court's decision in the instant case. Despite the elaborate policy discussions justifying this interpretation, the Supreme Court has clearly ruled otherwise, *Smith, supra,* and we are constrained to follow that ruling.

We note that, in *Smith,* the lockout was found to be a labor dispute despite the fact that the employees were willing to continue working during contract negotiations. The question in the instant case whether there was a walkout or slowdown at certain job sites other than those where the individual employees worked is therefore irrelevant.

The individual claimants were directly involved in the "labor dispute" by reason of the fact that they were subjects of the lockout at their own place of employment.

It appears from the foregoing that the claimants are ineligible for unemployment benefits under the rationale of *Smith.* There is, however, an important factor distinguishing the instant case. As claimants point out, the lockout went into effect with less than one day's notice to the claimants. This was in violation of MCL 423.9; MSA 17.454(9), which requires a minimum of ten days notice before instituting a lockout. MCL 423.22; MSA 17.454(23) specifically provides that institution of a lockout without provision of the requisite notice is unlawful.

Under *Smith,* a lockout is clearly a disqualifying "labor dispute" when used as a bargaining tactic to gain a concession from employees. When legitimately instituted with proper advance notice, the lockout gives employees a choice within the bargaining process. They may choose to yield to the employer's demands, to offer some concession in hope of avoiding the lockout, or to accept the condition of unemployment where the employee finds the first two alternatives unacceptable. In this sense, an employee who is unemployed as the result of a lockout is "voluntarily" unemployed. He has chosen his course.

Because the lockout in the instant case was instituted without the requisite notice, or any meaningful notice, the employees were precluded from making a choice among the three alternatives discussed. Thus, the employees in the instant case were involuntarily unemployed. As such, they are entitled to unemployment compensation since they fall within the purpose of the Employment Security Act to provide for the involuntarily unemployed. They are not disqualified by reason of their involvement in the lockout because the lockout was not legitimately instituted as contemplated by the Legislature. Put another way, the disqualification of MCL 421.29(8); MSA 17.531(8) applies to a situation where a lockout has been properly instituted, but in the instant case the lockout was instituted in a manner forbidden by the Legislature. We cannot allow plaintiff to benefit from such wrongdoing.

Our conclusion is supported by the discussion in *Smith* which indicates that if the lockout therein had been instituted for the purpose of avoiding the payment of unemployment benefits during an impending layoff, the lockout would not be consid-

ered a manifestation of a labor dispute. See *Smith,*
*supra,* 266-267.

For the reasons set forth above, the decision of
the trial court that the claimants are not disquali-
fied from receiving unemployment benefits is af-
firmed.

Affirmed.